## L. Black Company, Appellant *v*. Block.

*Contract—Sale—Affidavit of defense—Practice, C. P.*

In an action to recover the price of a lot of clothing, an affidavit of defense is sufficient to prevent judgment which avers that all the clothing had been returned to the defendant; that the goods were not what were ordered; that they were not made in a way which would enable the defendant to use them in his business; and that the plaintiffs in acknowledging notice of the delivery of the goods at their railroad station offered to change the collars so as to meet the requirements of defendant's trade.

Argued Dec. 8, 1910. Appeal, No. 214, Oct. T., 1910, by plaintiff, from order of C. P. Schuylkill Co., March T., 1910, No. 388, discharging rule for judgment for want of a

sufficient affidavit of defense in case of L. Black Company v. Samuel Block.  Before RICE, P. J., MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Affirmed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The averments of the affidavit of defense are set forth in the opinion of the Superior Court.

*Error assigned* was order ·discharging rule for judgment for want of a sufficient affidavit of defense.

*J. F. Minogue,* for appellant.

*James B. Reilly,* with him *W. B. Durkin,* for appellee.

OPINION BY BEAVER, J., March 3, 1911:

The plaintiff sold and delivered to the defendant certain clothing, the price of which is sought to be recovered in the present action.  The defendant filed an affidavit of defense and, upon the motion of the plaintiff, a rule was granted to show cause why judgment should not be entered for want of a sufficient affidavit of defense.  This rule was, upon argument, discharged, and the appellant alleges that error was committed in discharging it.

The statement sets forth the sale and delivery to the defendant of certain clothing specified therein.  The defense set forth by the defendant in his affidavit is: "a payment in full by the return of all the clothing in the above stated case to said plaintiff, because they were not made according to the order of the defendant.  When the case of clothing arrived at defendant's place of business in Shenandoah on the fifth day of November, A. D. 1909, and were [was] opened and examined by the said defendant and his examiner, they found the clothing to be entirely unfit for his business and could not be used by him in his business, because of the wrong sizes and the misfit

collars on the coats. Said clothing was at once repacked in the same case and reshipped to the said L. Black & Co. on the same day they were [it was] received by defendant, namely, November fifth, A. D. 1909; the reasons for said reshipment being made known to said plaintiff by said defendant. Said clothing was in the same condition when reshipped as when defendant received it. The defendant above named received a letter from said plaintiff dated November twelfth 1909, after the reshipment of said clothing, in which plaintiff stated that they had received notice from the Railroad Co. in Rochester that the goods consigned to them by said defendant were at the station, but they had refused to accept them. They also stated in said letter that they would fix the collars of the coats and then return them to said defendant. This the defendant knew could not be done satisfactorily for his trade. The said defendant, therefore, is not indebted in any sum whatever to the said plaintiff, all of which the defendant verily believes and expects to be able to prove on the trial of this cause."

If the defendant, upon the trial of the cause, is able to establish the facts herein contained, it seems to us he would thereby set up a good defense to the plaintiff's claim. He not only alleges that the goods were not what were ordered by him as to their sizes, but that they were not made in a way which would enable him to use them in his business. The affidavit also sets forth that the plaintiff, in acknowledging the delivery at its railroad station, offered to change the collars, so as to meet the requirements of the defendant's trade. This, if the affidavit is correct, is an acknowledgment on the part of the plaintiff that there was substance in the complaint of the defendant, and would seem to justify the return of the clothing, if for no other reason than that specified as to the condition of the collars. There is no offer to conform to the sizes ordered by the defendant, and, even if the collars were changed so as to meet the requirements of his trade, there would have been no change in the sizes and, therefore, the greater objection would not have been removed.

On the whole, we think the allegations of the defendant, if made good at the trial, will constitute a good defense and, therefore, the court was correct in discharging the rule for judgment for want of a sufficient affidavit of defense.

Order affirmed and appeal dismissed at the costs of the appellant.